UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENISE F. BUCKINGHAM,

                                        Plaintiff,

                -vs-

                                                        07-CV-159-JTC

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                                        Defendant.
_____

        Plaintiff Denise F. Buckingham brought this action for judicial review of the

determination of the Commissioner of Social Security (the "Commissioner") denying her

application for Social Security Disability Insurance ("SSDI") benefits.  On September 9,

2009, this court granted judgment in favor of plaintiff remanding her claim to the

Commissioner for further proceedings, in accordance with sentence four of 42 U.S.C.

§ 405(g) (Items 15 & 16).  Plaintiff's counsel Kenneth R. Hiller, Esq., then moved for

attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)

(see Item 17), and on December 22, 2009, the court approved a stipulation of counsel for

the parties directing the Commissioner to pay Mr. Hiller the amount of $5,142.53 for

attorney's fees and expenses, plus $350.00 in costs (Items 19 & 20).

        On March 15, 2010, Administrative Law Judge ("ALJ") Eric Glazer issued a fully

favorable decision upon remand finding that plaintiff was disabled within the meaning of

the Social Security Act during the period from December 8, 2003, through April 22, 2006[1]

_____

        [1]As noted by ALJ Glazer in his decision, plaintiff was awarded disability benefits on a
subsequent application, with an onset date of April 23, 2006.

(Item 21, Ex. 1). Based on this decision, the Commissioner issued a Notice of Award on May 4, 2010, detailing how plaintiff's monthly disability benefits would be paid, and advising that the amount of $12,209.25, equaling twenty-five percent of the total award of past due benefits, was being withheld "in case we need to pay your lawyer" (Item 21, Ex. 2, p. 3).

On August 10, 2010, Mr. Hiller filed a motion pursuant to 42 U.S.C.§ 406(b)[2] seeking court approval for payment in the amount of $7,066.72, representing the difference of the total amount withheld by the Commissioner for attorney's fees ($12,209.25) less the amount previously received under the EAJA ($5,142.53) (*see* Item 21, Plaintiff's Memorandum of Law, p. 13). In support of this request, Mr. Hiller has submitted a declaration itemizing 30.7 hours spent in litigation-related activities at the district court level, and indicating that his ordinary hourly rate is $295.00 per hour (Item 21, Hiller Decl., pp. 4-5). Also attached is a copy of the contingent fee agreement signed by plaintiff on March 13, 2007, whereby plaintiff agreed to pay Mr. Hiller twenty-five percent of the past due benefits awarded in the event of a favorable decision (*id*., Ex. 3).

In response to the motion, the Commissioner does not challenge the reasonableness of the $7,066.72 amount requested; the number of hours spent by Mr. Hiller on the case; his non-contingent hourly rate; or the contingent fee agreement with plaintiff. However, the Commissioner does object to Mr. Hiller's motion to the extent it

_____

[2]Section 406(b) provides, in relevant part:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

seeks to retain the $5,142.53 in fees previously paid to him under the EAJA. According to the Commissioner, agency records reflect that plaintiff's former counsel, Paul Pochepan, Esq., from the law firm of Jeffrey Freedman Attorneys at Law, has filed a petition pursuant to 28 U.S.C. § 406(a) for $5,200 in fees incurred for representing plaintiff during the administrative proceedings which took place prior to Mr. Hiller's representation in this action. The Commissioner contends that, since fees approved on applications made under sections 406(a) and 406(b) are paid from the same fund of past-due benefits withheld, approval of Mr. Hiller's section 406(b) request without directing him to return the amount previously paid on his EAJA application would result in a fee award to Mr. Hiller of the entire twenty-five percent of past-due benefits allowed by statute, leaving nothing for payment of Mr. Pochepan's section 406(a) application (*see* Item 23).

Attached to the Commissioner's responding memorandum of law is a letter from plaintiff to ALJ Glazer, dated August 10, 2010, expressing her understanding that Mr. Hiller's present motion "is asking for the full amount of funds withheld from [her] past due benefits" and her concern that the fee requests by both Mr. Hiller and Mr. Pochepan will cause her to pay attorney's fees beyond the $12,209.25 amount withheld (Item 23, Attachment 1). The letter also enclosed a copy of the "Disclosure" page of her fee agreement with Mr. Hiller's office which states in part:

> I understand and agree that I will not be required to pay more than 25% of my past due benefits for attorneys fees. This sum will be divided by Jeffrey Freedman Attorneys at Law and the Law Offices of Kenneth Hiller.

(*Id.*). This disclosure statement was not attached to the copy of the fee agreement submitted to the court by Mr. Hiller.

-3-

The court's review of these submissions reveals that the present application by Mr. Hiller seeks a total amount of $7,066.72 as a reasonable fee for his representation of plaintiff in federal court, <u>not</u> the entire $12,209.25 withheld by the Commissioner. The application recognizes that, where fee awards are made under both the EAJA and section 406(b) of the Social Security Act, the claimant's attorney must ordinarily refund to the claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The application also adequately addresses the concerns expressed by plaintiff (and echoed by counsel for the Commissioner) regarding the exhaustion of the fund of withheld benefits to pay Mr. Hiller's fee without accounting for the likelihood of Mr. Pochepan's entitlement to fees for his representation of plaintiff in the prior administrative proceedings. As stated by Mr. Hiller in support of his application:

> [I]f the full amount withheld were to be sent to [Mr. Hiller], a refund of the EAJA fees would, in effect, be a refund of withheld funds which Mr. Pochepan may have an entitlement to.
>     As a result, [Mr. Hiller] applied for a *net fee* of $7,066.72, which would be $12,209.25 less the $5,142.53 previously received in EAJA fees. Approval of the amount sought will result in [Mr. Hiller] receiving exactly what he would normally receive had the usual stipulation been entered into. However, it also ensures that any fees Mr. Pochepan might be entitled to are withheld from the past due benefits as well.

(Item 21, Memorandum of Law, p. 13).

As this statement reflects, the present application is not the model of clarity, and the court can understand how it might have engendered confusion on the part of both the claimant and counsel for the Commissioner. It appears that much of this problem – and perhaps the need for court involvement – could have been avoided through the preferred means of ordinary communication between counsel. Nonetheless, the court's full review of the parties' submissions on this motion reveals that the application satisfies the

-4-

requirements for approval of fee requests made under section 406(b), as discussed in the pertinent case law.

In *Gisbrecht*, the Supreme Court reviewed the various statutory avenues for attorneys who represent successful social security claimants to recover fees. As explained by the Court, the Social Security Act "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht*, 535 U.S. at 794. Attorneys may also seek fees under the EAJA, which entitles a party prevailing in court against the United States to an award of reasonable attorney's fees, payable by the Government, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee."

*Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186).

*Gisbrecht* went on to hold that the statutory scheme envisioned by section 406(b) does not invalidate or displace contingent fee agreements made within the statutory ceiling of twenty-five percent of past due benefits, but rather "instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09. In conducting this review, the court should give deference to the "freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment . . . ," *Wells v. Sullivan*, 907

F.2d 367, 371 (2d Cir.1990), while balancing "the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 805).

Upon review Mr. Hiller's application in light of these considerations, the court finds that the amount of $7,066.72 is warranted as a reasonable attorney's fee under the circumstances of his successful representation of plaintiff in this action. Significantly, the Commissioner does not directly challenge the reasonableness of the amount requested, or the reasonableness of the fee agreement itself, and the court has already addressed the concerns expressed regarding the effect approval of the request might have on Mr. Pochepan's section 406(a) petition. In addition, the court is satisfied that the fee requested by Mr. Hiller is in line with the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Likewise, there is no suggestion of unreasonable delay on the part of counsel in order to "profit from the accumulation of benefits during the pendency of the case in court." *Id.* Finally, the benefits awarded to plaintiff are not so "large in comparison to the amount of time counsel spent on the case" to require a downward adjustment of the fee requested in order to avoid a windfall to the attorney. *Id.* (citing with approval *Wells*, 907 F.2d at 372).

For these reasons, the court grants Mr. Hiller's motion pursuant to 42 U.S.C. § 406(b) (Item 21) to the extent it requests payment in the net amount of $7,066.72 as a reasonable fee for representing plaintiff in this action. The Commissioner is hereby directed to take the steps necessary to cause the amount of $1,924.19 ($7,066.72 less $5,142.53 previously paid to Mr. Hiller pursuant to the EAJA) to be made payable to Mr.

Hiller from the fund of withheld past due benefits, and to adjust the fund accordingly, in compliance with the requirements of the Social Security Act and implementing regulations as interpreted by the federal courts, and in full satisfaction of the obligations imposed by this order.

So ordered.

_____
\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:    10/21/ 2010
p:\pending\2007\07-159.oct13.10