UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DENISE F. BUCKINGHAM,

                                      Plaintiff,

            -vs-

                                                                         07-CV-159-JTC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                                      Defendant.

---

By order entered on October 25, 2010, this court granted the motion of plaintiff's counsel Kenneth R. Hiller, Esq., made pursuant to 42 U.S.C.§ 406(b), awarding him the total amount of $7,066.72 as a reasonable fee for representing plaintiff in this action.[1]  *See* Item 24.  On September 3, 2015, Mr. Hiller filed a second motion for an award of attorney's fees (Item 25), based on a notice he received from the Social Security Administration ("SSA"), dated August 5, 2015, advising that a recent recalculation of plaintiff's past due benefits had resulted in the withholding of an additional amount for payment of attorney's fees.  *See* Item 25-1.  Counsel now seeks an order pursuant to Section 406(b) authorizing payment of an additional award of $4,255.60.  *See* Item 25, p. 4.  Defendant's counsel has filed a response to the motion, advising the court that the Commissioner does not object to the request for an award of additional fees.  *See* Item 33.

---

[1] Ths amount was reduced by $5,142.53, representing fees previously awarded and paid to counsel pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), resulting in a net payment of $1,924.19 under Section 406(b).  *See* Item 24, pp. 6-7.

Section 406(b) provides, in relevant part:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). As recognized by the Second Circuit, this provision "requires the district court to review the reasonableness of any requested fee …," *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990), giving deference to the "freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment . . . ," while balancing "the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (citing *Wells*, 907 F.2d at 371; *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002)).

Upon review of the matters set forth in the parties' submissions in light of these considerations, the court finds that Mr. Hiller's request for an additional award in the amount of $4,255.60 satisfies the requirements of Section 406(b). Based on the information provided by the SSA and relied upon by counsel, the amount of the additional award should be calculated as follows:

| | |
|---|---|
| $19,898.13 | Recalculated amount withheld from plaintiff's past due benefits for payment of attorney's fees |
| - 5,142.53 | EAJA fees previously awarded and paid to Mr. Hiller |
| $14,755.60 | Fee due under § 406(b) |
| - 5,200.00 | Fee paid to plaintiff's former attorney under § 406(a)[2] |

---

[2]28 U.S.C. § 406(a) governs payment of attorney's fees for representation at the administrative level.

```
$ 9,555.60   Total fee due under § 406(b)
-  5,300.00  Fee previously paid to Mr. Hiller under § 406(a)
$ 4,255.60   Net fee due under § 406(b)
-  1,924.19  Amount previously awarded and paid to Mr. Hiller under § 406(b)
$ 2,331.41   Net additional amount due under 406(b)
```

The court also accepts the representations of counsel for both parties that these calculations reflect a reasonable rate of pay for the legal work performed on this matter, as well as the contingent nature of the recovery. *See Gisbrecht*, 535 U.S. at 803-07 (explaining Congress' rationale for authorization of contingent fee arrangements under § 406(b)). Further, there is no evidence of fraud or overreaching, and the court notes that the Commissioner does not seek a downward adjustment of the fee requested in order to avoid a windfall to the attorney. *Id.* at 808 (citing with approval *Wells*, 907 F.2d at 372).

For these reasons, the court grants Mr. Hiller's motion pursuant to 42 U.S.C. § 406(b) (Item 25) to the extent it requests an additional payment in the net amount of $4,255.60 (reflecting reduction by the amounts already paid as attorney's fees under § 406(a) and the EAJA, as explained in the parties' submissions and as reflected in the calculations above). The Commissioner is hereby directed to take the steps necessary to cause the net amount of $2,331.41 ($4,255.60 less $1,924.19 previously paid to Mr. Hiller pursuant to the court's prior order) to be made payable to Mr. Hiller from the fund of withheld past due benefits, and to adjust the fund accordingly, in compliance with the requirements of the Social Security Act and implementing regulations as interpreted by the federal courts, and in full satisfaction of the obligations imposed by this order.

So ordered.

                              \s\ John T. Curtin
                                JOHN T. CURTIN
                              United States District Judge

Dated:   December 9, 2015
p:\pending\2007\07-159.dec9.2015